UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ALAN FISHMAN,

               Plaintiff,                      **MEMORANDUM & ORDER**

        -against-                            10 CV 3231 (DRH) (AKT)

THE COUNTY OF NASSAU, NASSAU
COUNTY CIVIL SERVICE COMMISSION,
THE NASSAU COUNTY LEGISLATURE,
WILLIAM MULLER, PETER SCHMITT,
and EDWARD P. MANGANO,

               Defendants.

----------------------------------------------------------X
**APPEARANCES:**

**LAW OFFICES OF LOUIS D. STOBER, JR., LLC**
Attorneys for Plaintiff
350 Old Country Road, Suite 205
Garden City, New York 11530
By:    Louis D. Stober, Esq.
        Sheila S. Hatami, Esq.

**OFFICE OF THE NASSAU COUNTY ATTORNEY**
Attorneys for Defendants
John Ciampoli
Nassau County Attorney
One West Street
Mineola, New York 11501
By:    Michelle M. Faraci, Esq.
        Barbara E. Van Riper, Esq.
        Dennis J. Saffran, Esq.

**HURLEY, Senior District Judge:**

        Plaintiff Alan Fishman alleges that defendants violated his First Amendment rights of association by terminating his employment based upon his political affiliation. Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). By Memorandum & Order dated September 7, 2011 (the "Order"), the Court granted defendants'

motion in part and dismissed, *inter alia*, plaintiff's claims made pursuant to 42 U.S.C. §§ 1983 and 1985, in which he asserted that the termination of his employment violated his Fourteenth Amendment due process rights.[1]  The Court denied defendants' motion as to:  (1) plaintiff's First Amendment claim brought pursuant to Section 1983, including as brought against defendant Edward P. Mangano in his individual capacity; (2) plaintiff's Section 1983 conspiracy claim; (3) plaintiff's Section 1985 claim to the extent it is based upon an alleged conspiracy to violate plaintiff's First Amendment rights; (4) plaintiff's Section 1988 claim for attorneys' fees; and (5) plaintiff claim pursuant to New York Labor Law Section 201-d.  (*See* Order at 23-24.)

Presently before the Court is defendants' October 18, 2011 letter application requesting that the Court amend the Order to certify the matter for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Plaintiff opposes defendants' request.  For the reasons set forth below, defendants' application is denied.

## BACKGROUND

### I.     *Factual Background*

The relevant facts are set forth at length in the Order.  In sum, plaintiff alleges that, beginning in 2006, he was employed by defendants County of Nassau (the "County") and County of Nassau Legislature (the "Legislature").  Plaintiff alleges that between December 2006 and April 2008, he held the title of "Records Clerk" with attendant duties that were "clerical and administrative," and included "making copies, scanning documents, fixing audio-visual

---

[1]     The Court also dismissed plaintiff's claims for violations of the New York State Constitution and for intentional and negligent infliction of emotional distress, as well as Count III of the Complaint to the extent it purported to allege a "Violation of 42 U.S.C. § 1983." Plaintiff's First Amendment claim brought pursuant to Section 1983 against defendant Edward P. Mangano in his official capacity was also dismissed.

2

equipment, data entry, . . . filling water pitchers, delivering office supplies, and acting as an aid to all nineteen Nassau County legislators and staff regardless of party affiliation." (Order at 3.) In or about April 2008, plaintiff's title was changed to Special Assistant to the Clerk of the Legislature but plaintiff continued to perform the same tasks that he performed as Records Clerk. (*Id.*) The position of Special Assistant to the Clerk of the Legislature is a bi-partisan position for which no party affiliation is required. (*Id.*) Plaintiff, an active member of the Nassau County Democratic Committee, alleges that defendants conspired with Joseph Mondello, the head of the Republican Committee of Nassau County, and terminated plaintiff's employment due to his political affiliation. (*See id.* at 2-4.)

## II. *The Portion of the Order at Issue*

Defendants moved to dismiss plaintiff's First Amendment claim, arguing that the termination of plaintiff's employment did not violate the Constitution because "patronage dismissals do not offend the First Amendment when restricted to policymaking positions." (*Id.* at 8 (internal quotation marks omitted).) The Court held as follows:

> "The determination of whether an employee is a policy-maker is a question of law, although it involves a fact-intensive inquiry." *Almonte[ v. City of Long Beach*, 2009 WL 962256, at *5 (E.D.N.Y. Mar. 31, 2009)]. Such "inquiry generally requires consideration of the duties of the office as set forth in the job description, as well as applicable regulations." *Morin [v. Tormey*, 626 F.3d 40, 45 (2d Cir. 2010)] (internal citations omitted.) In addition, the Second Circuit has outlined several other relevant factors:
>
>> whether the employee (1) is exempt from civil service protection, (2) has some technical competence or expertise, (3) controls others, (4) is authorized to speak in the name of policymakers, (5) is perceived to be a policymaker by the public, (6) influences government programs, (7) has contact with elected

3

> officials, and (8) is responsive to partisan politics and political leaders.
>
> *Venzetti v. Pellegrini*, 22 F.3d 483, 486 (2d Cir. 1994).
>
> Defendants argue that plaintiff fits the description of "policy-maker" because "[a]lthough [his] responsibilities were largely clerical and administrative, the nature of this position was confidential and he reported directly to Muller, a policymaker." (Defs.' Mem. at 8.) Defendants also argue that plaintiff "did not have Civil Service protection," "had substantial contact with elected officials and policymakers[,] and had to answer to the political agenda of the County Administration." (*Id.* at 8-9.) According to defendants, individuals holding plaintiff's title are "authorized to 'fill in' for the Clerk [of the Legislature] and step in his shoes at meetings in his absence." (*Id.* at 9.)
>
> While the facts adduced during discovery may ultimately support defendants' description of the nature of plaintiff's position, on a Rule 12(b)(6) motion the Court must accept the facts as they are pled in the complaint. Here, plaintiff alleges that his position as "Special Assistant to the Clerk of the Legislature" was a "bi-partisan position for which no party affiliation [was] needed." (Compl. ¶ 43.) Further, even after his title changed from "Records Clerk" to "Special Assistant to the Clerk," plaintiff asserts that his duties remained entirely clerical and administrative. (*Id.* ¶¶ 16-17.) Based on the allegations contained in the Complaint, the Court cannot conclude, as a matter of law, that plaintiff's position was a "policymaking position" that would exempt defendants from liability under the First Amendment. *See Alberti [v. Cnty. of Nassau*, 393 F. Supp.2d 151, 165 (E.D.N.Y. 2005)]. Accordingly, that portion of defendants' motion seeking to dismiss Count I of the Complaint is denied.

(Order at 9-10.)

## DISCUSSION

### I.   Legal Standard

A district court may certify a matter for interlocutory appeal when three conditions are met: (1) the order to be appealed from "involves a controlling question of law," (2) "as to which

there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "These three prerequisites create a significant hurdle to certification, and the barrier is elevated by the mandate that section 1292(b) be strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Secs. & Exch. Comm'n v. Syndicated Food Servs. Int'l, Inc.*, 2010 WL 5173267, at *1 (E.D.N.Y. Dec. 14, 2010) (internal quotation marks and alteration omitted). The Second Circuit has "urge[d] the district courts to exercise great care in making a § 1292(b) certification," *Westwood Pharm., Inc. v. Nat'l Fuel Gas Dist. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992), and has noted that certification pursuant to Section 1292(b) "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals," *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Indeed, "district court judges have broad discretion to deny certification even where the statutory criteria are met." *New York Jets LLC v. Cablevision Sys. Corp.*, 2005 WL 3454652, at *1 (S.D.N.Y. Dec. 19, 2005) (internal quotation marks omitted).

II. **The Portion of the Order at Issue Does not Involve a "Controlling Question of Law as to Which There is Substantial Ground for Difference of Opinion"**

"The first prong of § 1292(b) requires that the question presented on appeal be a 'pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.'" *Santiago v. Pinello*, 647 F. Supp. 2d 239, 243 (E.D.N.Y. 2009) (quoting *In re Worldcom, Inc.*, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)). Defendants contend that "[t]he controlling question of law here is whether a position as a special assistant to a high-

5

ranking, politically-appointed, policymaking official is inherently confidential, and thus exempt from the First Amendment discharge protection as a matter of law." (Defs.' Oct. 18, 2011 Letter at 2.) According to defendants, because they raise a "pure question of law," it is unnecessary "to create a record at all concerning the exact particulars of the special assistant's duties." (*See id.* (internal quotation marks omitted).) Defendants insist that "the First Amendment coverage issue can and should be decided on a motion to dismiss based upon the inherently confidential nature of" plaintiff's position as Special Assistant to the Clerk of the Legislature. (*See id.*)

*Morin v. Tormey*, 626 F.3d 40 (2d Cir. 2010), provides the most recent guidance from the Second Circuit regarding the nature and scope of the inquiry into whether an employee is a "policymaker" for purposes of First Amendment coverage. There, the Circuit found that the analysis "generally requires consideration of the duties of the office as set forth in the job description as well as applicable regulations." *Id.* at 45 (internal citations omitted). The Circuit has made clear, however that "[e]ven if there is an official job description in the record, there can be underlying factual questions about the actual powers of the job that would be relevant to answering this question, at least when the job description does not, by itself, conclusively establish whether the employee is a policymaker." *Id.* at 45 n.5 (considering additional record evidence of plaintiff's job duties when Circuit could not determine from the job description alone whether plaintiff was a policymaker).

The Court finds that defendants' proposed appeal would not present a "pure question of law" that the Circuit could decide quickly and without consulting an evidentiary record. *See Santiago*, 647 F. Supp. 2d at 243. As *Morin* makes clear, an official job description is not always dispositive of the inquiry whether a particular employee is considered a policymaker. The Court

6

notes further that defendants never produced the official job description for the position of Special Assistant to the Clerk of the Legislature in connection with their motion to dismiss. Thus, defendants have failed to meet the first requirement of Section 1292(b).

"The second prong of § 1292(b), that there be 'substantial ground for difference of opinion' on the issue, requires a 'genuine doubt as to whether the district court applied the correct legal standard in its order.'" *Santiago*, 647 F. Supp. 2d at 243 (quoting *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007)). "This may mean that there is 'conflicting authority on the issue' or that 'the issue is particularly difficult and is one of first impression for the Second Circuit.'" *Id.* (quoting *In re Lloyd's Am. Trust Fund Litig.*, 1997 WL 458739, at **4-5 (S.D.N.Y. Aug. 12, 1997)).

Defendants cite two decisions from within this District that purportedly support the proposition that "there is no need to conduct discovery into the actual job tasks performed by the particular plaintiffs in determining First Amendment coverage." (Defs.' Oct. 18, 2011 Letter at 3.) Defendants contend that "even accepting at face value plaintiff's contention that his job duties were 'entirely clerical and administrative,'" the determination that plaintiff is exempt from First Amendment protection in this instance "can and should have been made on a Rule 12(b)(6) motion based upon 'the duties inherent in the office' . . . without discovery into 'what plaintiff actually did.'" (*Id.*)

The Court does not find that the cited case law supports defendants' conclusions. First, Judge Bianco's decision in *Burkhardt v. Lindsay*, 2011 WL 4346702 (E.D.N.Y. Sept. 19, 2011), was rendered on a motion for summary judgment – not a Rule 12(b)(6) motion to dismiss. In concluding that the plaintiff was a policymaker, Judge Bianco examined not only the plaintiff's

7

job description (which he described as "relevant to the Court's analysis"), but relied upon plaintiff's deposition testimony, the deposition testimony of the legislator for whom the plaintiff worked, and certain documents produced during discovery. *See id.* at **9-13.

Defendants also cite *Gordon v. Griffith*, 88 F. Supp. 2d 38 (E.D.N.Y. 2000) as an example of a First Amendment claim that was dismissed via a Rule 12(b)(6) motion. In that case, the plaintiff alleged that she worked as a Community Relations Director for a New York State Assemblyman. The plaintiff alleged that her employment was terminated based on statements she made while she participated in a press conference and protest against police brutality. *Id.* at 41. The court concluded, first, that "legislative aides occupying positions in which their public speech may reasonably be associated with, or mistaken for, that of the legislator's may constitutionally be dismissed for their public speech." *Id.* at 57-58. The plaintiff had alleged in her complaint that she represented the Assemblyman to his constituents and that she "operated as his alter-ego within the district, speaking to and acting for his constituents on his behalf." *Id.* at 58. Relying on the plaintiff's own description of her job duties, as alleged in her complaint, the court concluded that the plaintiff's "legislative job was one in which her public comments could reasonably be understood to reflect the views . . . of Assemblyman Griffith" and, accordingly, her First Amendment claim was dismissed. *See id.*

Here, by contrast, plaintiff has alleged only that his duties were "clerical and administrative" in nature and included "making copies, scanning documents, fixing audio-visual equipment, data entry, . . . filling water pitchers, delivering office supplies, and acting as an aid to all nineteen Nassau County legislators and staff regardless of party affiliation." (Compl. ¶ 17.) These allegations are simply insufficient to permit the Court to conclude, as a matter of law, that

plaintiff was a policy-maker that would exempt defendants from First Amendment liability for the termination of plaintiff's employment. As the Court noted in its Memorandum & Order denying this portion of defendants' motion to dismiss: "While the facts adduced during discovery may ultimately support defendants' description of the nature of plaintiff's position, on a Rule 12(b)(6) motion the Court must accept the facts as they are pled in the complaint." (Order at 9-10.) The Court finds that defendants have not cited any "conflicting authority on the issue," or demonstrated that "the issue is particularly difficult and is one of first impression for the Second Circuit." *See In re Lloyd's Am. Trust Fund Litig.*, 1997 WL 458739 at **4-5. Accordingly, the Court concludes that the second prong of the three-part conjunctive interlocutory appeal standard under Section 1292(b) has not been met.

## *CONCLUSION*

Having determined that defendants have not satisfied the first or second prongs of the standard set forth in Section 1292(b), the Court declines to amend its September 7, 2011 Memorandum & Order to certify the matter for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and defendants' motion is denied.

**SO ORDERED.**

Dated: Central Islip, New York
October 26, 2011

/s/
Denis R. Hurley
United States District Judge

9